## O'ROURKE v. SNELL.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

COURTS (§ 188*)—MUNICIPAL COURT—JURISDICTION.

The tenant, in summary proceedings by a landlord, standing on the written lease, but claiming that one clause thereof is ineffective, by reason of representations made to her before she signed it, and that therefore she has a right to continue in possession, is in effect seeking a reformation of the lease, which relief the Municipal Court has no power to grant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Summary proceedings by Joanna M. O'Rourke, landlord, against Ida Haggerty Snell, tenant. From a judgment on a verdict directed for the landlord, the tenant appeals. Affirmed.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Tobias A. Keppler, of New York City, for appellant.
L. Hamilton Rainey, of New York City, for respondent.

LEHMAN, J. The landlord has obtained a final order in summary proceedings upon proof that the tenant had broken a covenant of the lease, and that thereupon the landlord had given notice, exercising her option to terminate the lease. The tenant pleaded fraud and waiver, and produced evidence at the trial which tended to show that the landlord's agent had represented to her, before she signed the lease, that the lease gave her a right to do the very acts which it is now claimed constitute a breach of the covenant. If the tenant now claimed that these representations constituted a fraud which invalidated the lease, then it is possible that her proof would have established an equitable defense in these proceedings. It appears, however, that this tenant maintains that she has the right to continue in possession under the lease. Of course, the tenant, standing on the written lease, but claiming that one clause thereof is ineffective, is in effect seeking a reformation of the lease, and the Municipal Court has no power to grant such relief. It follows that the trial justice correctly directed a verdict awarding possession to the landlord.

It appears, however, that this tenant has sought an injunction pendente lite in an action brought in the Supreme Court for a reformation of the lease. This injunction has been granted by the Appellate Division since the submission of the appeal herein (see Snell v. O'Rourke, 145 N. Y. Supp. 1145), and the service of the final order has been stayed.

I think that under these circumstances, while the order should be affirmed, it should be affirmed without costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes